UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL FRANTZ,<br><br>         Plaintiff,<br><br>    v.<br><br>MOHYDDIN,<br><br>         Defendants. | Case No.: 1:20-cv-01550-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Karl Frantz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was screened by the Court and Plaintiff was allowed leave to amend. (ECF No. 1, 8.) Plaintiff's first amended complaint, filed on November 30, 2020 is currently before the Court for screening. (ECF No. 9.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Allegations in Complaint

Plaintiff is currently housed in California Substance Abuse Treatment Facility (SATF) in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at SATF.  Plaintiff names Aliasghar Mohyddin, M.D. as the sole defendant.  Defendant is sued in his individual capacity.

Plaintiff alleges a violation of the Eighth Amendment and medical malpractice.  Plaintiff has been taking Tylenol #3 for a year for neck pain and degenerative disc disease.  In the third week of November 2018, Dr. Mohydinn became Plaintiff's doctor.  On November 23, Defendant told Plaintiff that Defendant would not refill his Tylenol #3 prescription when it expires in a couple of days. When it expired, Defendant only ordered Ibuprofen, which hurt Plaintiff's ulcer and Plaintiff so told Defendant.  On November 27, Plaintiff began having diarrhea due to withdrawals and Defendant failed to order medication for diarrhea and symptoms of withdrawal. Plaintiff also began vomiting fluids and had severe stomach pain from withdrawals off the opioids. Plaintiff told nurses from November 27, 2018 to December 3, 2018 of his pain and vomiting, diarrhea, and anxiety.  The nurses told Plaintiff that they had told Defendant about Plaintiff's condition. The nurses told Plaintiff that Defendant knew of Plaintiff's symptoms and

that the nurses said all they (the nurses) can do is let the doctor know. Defendant failed to give Plaintiff any palliative medication for symptoms of withdrawals from November 27, 2018 to December 3, 2018.  During this time Plaintiff was allowed to suffer with severe vomiting, diarrhea, anxiety with no medication except Ibuprofen.  Plaintiff tried to commit suicide on November 28. Plaintiff became so dehydrated that he went into shock, and had to go to the emergency room to have intravenous fluids.

### III.     Discussion

**A. Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " Peralta v. Dillard, 744 F.3d 1076, 1081–82 (2014) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference is "a state of mind more blameworthy than negligence" and

1  "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " Farmer v.
2  Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Whitley, 475 U.S.
3  at 319, 106 S.Ct. 1078). Deliberate indifference is shown where a prison official "knows that
4  inmates face a substantial risk of serious harm and disregards that risk by failing to take
5  reasonable measures to abate it." Id., at 847, 114 S.Ct. 1970. Deliberate indifference is a high
6  legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the
7  prison official must not only 'be aware of the facts from which the inference could be drawn that
8  a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at
9  1057 (quoting Farmer, 511 U.S. at 837, 114 S.Ct. 1970). "'If a prison official should have been
10 aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter
11 how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188
12 (9th Cir. 2002)).

    In medical cases, this requires showing: (a) a purposeful act or failure to respond to a
prisoner's pain or possible medical need and (b) harm caused by the indifference. Wilhelm v.
Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett, 439 F.3d at 1096). More generally,
deliberate indifference "may appear when prison officials deny, delay or intentionally interfere
with medical treatment, or it may be shown by the way in which prison physicians provide
medical care." Id. (internal quotation marks omitted).

    It is unclear whether Plaintiff faced a serious medical need within the meaning of the
Eighth Amendment.  An Eighth Amendment deprivation "must be, objectively, 'sufficiently
serious' and result in the denial of 'the minimal civilized measure of life's necessities." Farmer,
511 U.S. at 834.  Plaintiff has not alleged any condition which would require prescription of
medication.

    Further, Plaintiff has not alleged factual support that Defendant's actions were medically
unacceptable.  Doctors' decisions to discontinue narcotics or opioids in favor of safer medications
have been found medically acceptable in other cases in this court.  See e.g., Juarez v. Butts, 2020
WL 2306850, at *12 (E.D. Cal. May 8, 2020), report and recommendation adopted, 2020 WL
3542193 (E.D. Cal. June 30, 2020) (collecting cases). Plaintiff does not have a right to dictate

what medications he is prescribed. Stiltner v. Rhay, 371 F.2d 420, 421 n.3 (9th Cir. 1967) (allegations that a prisoner feels he is not receiving the "the kind and quality of medical treatment he believes is indicated" does not demonstrate deliberate indifference).

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim against Defendant Mohyddin for failure to treat withdrawal symptoms after removal from medication.

### B. State Law Claim

Plaintiff appears to be asserting a state law claim for medical malpractice.

The Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

### IV. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Mohyddin for failure to treat withdrawal symptoms after removal from medication.

However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed November 30, 2020, (ECF No. 9), on the cognizable claim for deliberate indifference to a serious medical need in violation of

5

the Eighth Amendment against Defendant Mohyddin for failure to treat withdrawal symptoms after removal from medication; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\*\*\*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 10, 2020**           /s/ Barbara A. McAuliffe            _
                                        UNITED STATES MAGISTRATE JUDGE