IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL FRANTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ALIASGHAR MOHYDDIN,<br><br>    Defendant. | No. 2:20-CV-2550-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As the sole defendant, Plaintiff names Aliasghar Mohyddin, a prison physician. See ECF No. 9, pg. 1.  Plaintiff states that he had been taking Tylenol #3 for pain associated with degenerative disc disease.  See id. at 5.  According to Plaintiff, in November 2018 Plaintiff was assigned to be a patient of Defendant Mohyddin.  See id. at 6.  Plaintiff states that Defendant Mohyddin informed him on November 23, 2018, that his prescription for Tylenol #3 would not be renewed when it expired on November 26, 2018.  See id.  Instead, Defendant Mohyddin prescribed Ibuprofen to treat Plaintiff's pain symptoms.  See id.

Next, Plaintiff states that he began suffering withdrawal symptoms on November 27, 2018 – the day after his prescription for Tylenol #3 was discontinued in favor of Ibuprofen. See id. at 7.  These symptoms included diarrhea, vomiting, and severe stomach pain.  See id. Plaintiff alleges "Defendant failed to give palliative medication for symptoms of withdrawal. . . ." Id. at 8.  According to Plaintiff, Defendant knew about his withdrawal symptoms but allowed him to suffer.  See id. at 9.

Plaintiff contends these facts give rise to claims of deliberate indifference under the Eighth Amendment, see id. at 11, as well as claims of medical malpractice under state law, see id. at 1, 2.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.  DISCUSSION

This Court recognizes Plaintiff's Eighth Amendment claim includes multiple contentions.  First, Plaintiff contends that Defendant is liable for discontinuing Tylenol #3 in favor of Ibuprofen.  Second, Plaintiff contends Defendant was deliberately indifferent with respect to treatment of his symptoms of withdrawal.  Additionally, the Court notes that Plaintiff asserts medical malpractice under state law.  Each is discussed in turn below.

### A.  Eighth Amendment Claims

The gravamen of Plaintiff's claim is that Defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.   The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant

1 injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d
2 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
3 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
4 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
5 activities; and (3) whether the condition is chronic and accompanied by substantial pain. See
6 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

7 The requirement of deliberate indifference is less stringent in medical needs cases
8 than in other Eighth Amendment contexts because the responsibility to provide inmates with
9 medical care does not generally conflict with competing penological concerns. See McGuckin,
10 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
11 decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
12 1989). The complete denial of medical attention may constitute deliberate indifference. See
13 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
14 treatment, or interference with medical treatment, may also constitute deliberate indifference. See
15 Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate
16 that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

17 Negligence in diagnosing or treating a medical condition does not, however, give
18 rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a
19 difference of opinion between the prisoner and medical providers concerning the appropriate
20 course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,
21 90 F.3d 330, 332 (9th Cir. 1996).

22       1.     Denial of Tylenol #3

23 The Court finds Plaintiff's claim premised on denial of Tylenol #3 in favor of
24 another medication, Ibuprofen, fails to state a claim as a matter of law. See e.g., Juarez v. Butts,
25 2020 WL 2306850, at *12 (E.D. Cal. May 8, 2020), report and recommendation adopted, 2020
26 WL 3542193 (E.D. Cal. June 30, 2020) (collecting cases). Plaintiff does not have a right to
27 dictate what medications he is prescribed. Stiltner v. Rhay, 371 F.2d 420, 421 n.3 (9th Cir. 1967)
28 (allegations that a prisoner feels he is not receiving the "the kind and quality of medical treatment

he believes is indicated" does not demonstrate deliberate indifference).  Plaintiff's claim relating to Tylenol #3 constitutes a difference of medical opinion and is not cognizable.  See Jackson, 90 F.3d at 332.  Plaintiff's claim relating to Tylenol #3 cannot be cured through amendment.

### 2. Withdrawal Symptoms

The Court finds that Plaintiff has alleged sufficient facts to proceed with an Eighth Amendment claim against Defendant arising from the denial of treatment for withdrawal symptoms.  Liberally construed, Plaintiff's allegation of a complete failure to treatment for withdrawal symptoms including diarrhea, vomiting, and severe stomach pain state a cognizable claim for relief.

### B. Medical Malpractice Claim

Plaintiff's state law claim for medical malpractice is deficient because Plaintiff has failed to allege compliance with California's Government Claims Act.  The Government Claims Act requires exhaustion of Plaintiff's state law tort claim with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint.  See Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  To the extent Plaintiff can allege compliance with the Government Claims Act, Plaintiff will be provided leave to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  August 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE